# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**

* * * * * * * * * * * * * * * * * * * *
| | |
|---|---|
| KEVIN RADFORD, | |
| Petitioner, | No. 18-704V |
| | Special Master Christian J. Moran |
| v. | |
| | Filed: December 22, 2023 |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

* * * * * * * * * * * * * * * * * * * *

Laura Levenberg, Muller Brazil, LLP, Dresher, PA, for Petitioner;
Tyler King, United States Dep't of Justice, Washington, DC, for Respondent.

## UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

Pending before the Court is petitioner Kevin Radford's motion for final attorneys' fees and costs. He is awarded $92,023.46.

\* \* \*

On March 12, 2020, petitioner filed for compensation under the Nation Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 through 34. Petitioner alleged that he suffered from chronic inflammatory demyelinating

---

[1] Because this published decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). This posting means the decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

polyneuropathy ("CIDP") before he received an influenza ("flu") vaccine in September 2015. He alleges that the flu vaccination significantly aggravated his CIDP contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. §100.3(a), caused him to suffer chronic inflammatory demyelinating polyneuropathy ("CIDP"). Following respondent contesting entitlement, the parties retained medical experts, with petitioner retaining Dr. Chen and respondent retaining Dr. Callaghan, both neurologists. A two-day entitlement hearing was held on April 21-22, 2022, during which Dr. Chen and Dr. Callaghan both testified, as well as Dr. Kaufman, one of petitioner's treating physicians. On January 31, 2023, the undersigned issued his decision denying compensation to petitioner. 2023 WL 2159306.

On March 29, 2023, petitioner filed a motion for final attorneys' fees and costs ("Fees App."). Petitioner requests attorneys' fees of $77,287.50 and attorneys' costs of $15,735.96 for a total request of $93,023.46. Fees App. at 2. Pursuant to General Order No. 9, counsel for petitioner represents that no personal incurred any costs related to the prosecution of this case. Id. at 2. On April 6, 2023, respondent filed a response to petitioner's motion. Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." Response at 1. Respondent adds, however that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Id at 2.  Additionally, he recommends "that the Court exercise its discretion" when determining a reasonable award for attorneys' fees and costs.  Id. at 3. Petitioner did not file a reply thereafter.

\*     \*     \*

Although compensation was denied, petitioners who bring their petitions in good faith and who have a reasonable basis for their petitions may be awarded attorneys' fees and costs. 42 U.S.C. § 300aa-15(e)(1). In this case, although petitioner's claim was ultimately unsuccessful the undersigned finds that good faith and reasonable basis existed throughout the matter. Respondent has also indicated that he is satisfied that the claim has good faith and reasonable basis. Respondent's position greatly contributes to the finding of reasonable basis. See Greenlaw v. United States, 554 U.S. 237, 243 (2008) ("[W]e rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present.").  A final award of reasonable attorneys' fees and costs is therefore proper in this case and the remaining question is whether the requested fees and costs are reasonable.

The Vaccine Act permits an award of reasonable attorney's fees and costs. §15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. This is a two-step process. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008). First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. Id. at 1348. Here, because the lodestar process yields a reasonable result, no additional adjustments are required. Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness. See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018).

### A. Reasonable Hourly Rates

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation. Avera, 515 F.3d at 1349. There is, however, an exception (the so-called Davis County exception) to this general rule when the bulk of the work is done outside the District of Columbia and the attorneys' rates are substantially lower. Id. 1349 (citing Davis Cty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)). In this case, all the attorneys' work was done outside of the District of Columbia.

Petitioner requests the following rates for the work of his counsel: for Ms. Laura Levenberg, the rate of $275.00 per hour for work performed in 2021 and $350.00 per hour for work performed in 2022; for Mr. Paul Brazil, the rate of $350.00 per hour for work performed in 2020 and the rate of $375.00 per hour for work performed in 2021; and for Mr. Maximillian Muller, the rate of $375.00 per hour for work performed in 2021 and the rate of $400.00 per hour for work performed in 2022. These rates are consistent with what counsel has previously been awarded for their Vaccine Program work, and the undersigned finds them to be reasonable herein for work performed in the instant case. See Brown v. Sec'y of Health & Human Servs., 20-0687V, 2023 WL 2663036 (Fed. Cl. Spec. Mstr. Mar. 28, 2023).

B.  Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary. See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993). The Secretary also did not directly challenge any of the requested hours as unreasonable.

The undersigned has reviewed the submitted billing entries and, on the whole, the request is reasonable mostly. However, a minor amount of time was billed for administrative tasks such as filing medical records by paralegals and attorneys billing time to direct the filing of those records. See Guerrero v Sec'y of Health & Human Servs., No. 12-689V, 2015 WL 3745354, at *6 (Fed. Cl. Spec. Mstr. May 22, 2015) (citing cases), mot. for rev. den'd in relevant part and granted in non-relevant part, 124 Fed. Cl. 153, 160 (2015), app. dismissed, No. 2016-1753 (Fed. Cir. Apr. 22, 2016). The undersigned shall reduce the final award by $1,000.00 to address this issue, which results in an award of $76,287.50.

C.  Costs Incurred

Like attorneys' fees, a request for reimbursement of costs must be reasonable. Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994). Petitioner's requests a total of $15,735.96 in attorneys' costs. This amount is comprised of acquiring medical records, the Court's filing fee, postage, transcript costs, and work performed by petitioner's medical expert, Dr. Maria Chen. Petitioner has provided adequate documentation supporting the requested costs and all are reasonable in the undersigned's experience. Dr. Chen's proposed hourly rate ($500.00 per hour) is consistent with what she has previously been awarded for her Vaccine Program work and her hours billed (20.0) are reasonable for drafting an expert report and preparing for and testifying in the entitlement hearing. See Muniz v. Sec'y of Health & Human Servs., No. 18-994V, 2023 WL 1100302 (Fed. Cl. Spec. Mstr. Jan 30, 2023); LeBlond v. Sec'y of Health & Human Servs., No. 18-131V, 2021 WL 965678 (Fed. Cl. Spec. Mstr. Feb. 8, 2021).

Petitioner is therefore awarded final attorneys' costs of $15,735.96.

D.  Conclusion

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, I award a total of **$92,023.46** (representing $76,287.50 in attorneys' fees and $15,735.96 in attorneys' costs) as a lump sum in

the form of a check jointly payable to petitioner and petitioner's counsel, Ms. Laura Levenberg.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED**.

<u>s/Christian J. Moran</u>
Christian J. Moran
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.